UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY RICARDO COLBERT,

     Applicant,

v.                              CASE NO. 8:16-cv-1368-T-23CPT

SECRETARY, Department of Corrections,

     Respondent.

_____/

# O R D E R

Colbert applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 5) and challenges both the revocation of his probation and his sentence to ten years imprisonment. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 18) The respondent admits the application's timeliness (Response at 10, Doc. 18) but argues that some grounds are barred from federal review.

## I. BACKGROUND

In 2008, in exchange for a sentence of twenty-four months of drug offender probation, Colbert pleaded guilty to possession of cocaine, with the intent to deliver, within 1000 feet of a school. Four months later he violated seven conditions of probation but was allowed to remain on probation. In 2009 Colbert was charged with both delivery of cocaine within 1000 feet of a school and possession of cocaine ("new charges"). Following a contested evidentiary hearing, the state circuit court

revoked Colbert's probation and sentenced him to ten years imprisonment. In 2010 a jury convicted Colbert of the new charges and the court sentenced him to six years imprisonment consecutive to the ten-year sentence for the probation revocation.

## II. GROUNDS DEFAULTED IN STATE COURT

Colbert asserts five grounds for relief in his application. Four of the grounds are not, however, entitled to a review on the merits. Colbert failed to properly present to the state courts the federal claims in grounds one, two, four, and five. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

**Ground One:**

Colbert alleges that the trial court erred by revoking his probation based on inadmissible evidence. A confidential informant was wired for sound and video when she purchased cocaine from Colbert, which drug transaction formed the basis for the new charges. Colbert contends (1) that the video recording was inadmissible for lack of a proper foundation, including authentication under Section 90.901, Florida Statutes, and (2) that all of the state's evidence was inadmissible hearsay. On direct appeal Colbert argued that the trial court abused its discretion by revoking probation based on the allegedly inadmissible evidence. Although now characterized

as a violation of his federal rights, Colbert presented his claim to the appellate court only as a state law issue. (Respondent's Exhibit 4)

Federal habeas relief is available to correct only constitutional injury. Under Section 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See also Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1981) ("[A] 'mere error of state law' is not a denial of due process."). Briefing an issue as a matter of state law is not sufficient to exhaust a federal claim on the same grounds, as *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995), explains:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Accord Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"). Federal review of ground one is barred because Colbert failed to "fairly present" his federal claim to the state courts.

**Ground Two:**

Colbert alleges that counsel rendered ineffective assistance by improperly advising him when he pleaded guilty in 2008 that the maximum possible imprisonment was twenty-four months — the same duration as the drug offender probation — if probation was ever revoked. Colbert first raised this claim in his second motion for post-conviction relief. (Respondent's Exhibit 12 at 6) The state court rejected the claim as untimely. (Respondent's Exhibit 13 at 5)

Colbert's failure to timely present the claim to the state court bars federal review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."). In rejecting the untimely claim, the state court chose not to address the merits of the claim; federal review would remain barred even if the state court had addressed the merits. "[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.), *cert. denied*, 513 U.S. 1061 (1994). Federal review of ground two is barred because Colbert failed to timely present the claim to the state courts.

**Grounds Four and Five:**

Colbert alleges that counsel rendered ineffective assistance (1) by not objecting to the revocation of probation based on the new charges before disposition of the new charges (ground four), which claim he presented to the state court in his second motion for post-conviction relief (Respondent's Exhibit 12 at 9), and (2) by not objecting to a sentence that departed from the guidelines absent the sentencing court's written statement of reasons, which claim he presented to the state court in his first motion for post-conviction relief (Respondent's Exhibit 10 at 9)  The state post-conviction court denied both claims on the merits.  (Respondent's Exhibit 13 at 9 (ground four) and Exhibit 11 at 5 (ground five))  Colbert asserted neither ground in his brief on appeal.  (Respondent's Exhibit 16)  A claim is unexhausted and procedurally defaulted if not raised on appeal.  "The Supreme Court of Florida followed its well-established rule when it concluded that Doorbal's claim of ineffective assistance of counsel was waived because he failed to present an argument about the merits of that issue on appeal . . . ." *Doorbal v. Dep't of Corr.*, 572 F.3d 1222 (11th Cir.), *cert. denied*, 558 U.S. 1030 (2009). *See also Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.")  Federal review of grounds four and five is barred because Colbert failed to appeal the denial of each claim.

## III. ONLY GROUND REVIEWABLE ON THE MERITS

Colbert is entitled to the review of the merits of only ground three, which presents a claim of ineffective assistance of counsel that was rejected in the post-conviction proceedings.

### A. Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only

if one of the following two conditions is satisfied — the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *See White v. Woodall*, 572 U.S. 415, 427 (2014) ("The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question . . . .") (citing *Richter*); *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) ("And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice.") (citing *Woodall*, 134 S. Ct. at 1702). *Accord Brown v.*

*Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. at 694. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) ("[A] federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."). When

the relevant state-court decision is not accompanied with reasons for the decision, the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. "The State may contest "the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Wilson*, 138 S. Ct. at 1192.

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed Colbert's conviction and sentence. (Respondent's Exhibit 6) Similarly, in another *per curiam* decision without a written opinion the state appellate court affirmed the denial of Colbert's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 18) The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 131 S. Ct. at 784–85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."), and *Bishop v. Warden*, 726 F. 3d 1243, 1255–56 (11th Cir. 2013) (describing the difference between an "opinion" or "analysis" and a "decision"

or "ruling" and explaining that deference is accorded the state court's "decision" or "ruling" even absent an "opinion" or "analysis").

Colbert bears the burden of overcoming by clear and convincing evidence a state court's fact determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection of Colbert's post-conviction claim warrants deference in this case. (Order Denying Motion for Post-Conviction Relief, Colbert's Exhibit attached to amended petition at Doc. 5)

## B. Ineffective Assistance of Counsel

Colbert claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains that *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the

> defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *See Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Colbert must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691. To meet this burden, Colbert must show "a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Under 28 U.S.C. § 2254(d) Colbert must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (An applicant must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."), and *Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim — which is governed by the deferential *Strickland* test — through the lens of AEDPA deference, the resulting standard of review is "doubly deferential."), *cert. denied*, 134 S. Ct. 191 (2013).

**Ground Three:**

Colbert alleges that counsel rendered ineffective assistance by neither investigating nor presenting the testimony of three witnesses. Colbert alleges in his federal application the same claim that he presented to the state post-conviction court, which claim the court described as follows (Colbert's Exhibit attached to Doc. 5 at 23):

> Defendant contended that he provided counsel with the first name and address of the three people in the February 19, 2009, video, that these witnesses would have been available to testify, and that they would have testified that the informant fabricated information to law enforcement and that Defendant was not the person in the video who made the hand transaction or sold crack cocaine to the informant, but that counsel failed to investigate and call these witnesses at trial.

After determining that the claim required an evidentiary hearing, "the Court held an evidentiary hearing on this allegation at which Defendant testified that, [regarding the new charges], Defendant ultimately proceeded to trial with attorney Geogymon George, where he was found guilty, and that[,] although he had asked counsel to investigate witnesses, counsel failed to do so." (Doc. 5 at 28) The post-conviction court summarized the testimony of the attorneys who represented Colbert either in the revocation proceeding or in the trial for the new charges (Doc. 5 at 30):

> Attorneys Brandon Selph and Geogymon George both testified at the evidentiary hearing, explaining that George represented Defendant at trial after inheriting the case from Selph, who had inherited the case from attorney Catherine Scott. Both attorneys also testified that their files and notes for this case reflect there to have not been any applicable defense witnesses and that, had there been such witnesses, the attorneys would have investigated such or made a request to the investigator to locate and investigate such witnesses. Both

- 13 -

attorneys testified further that, even after Defendant's violation of probation hearing — as Selph testified — and after trial — as George testified — Defendant still made no reference to any such witnesses he believed should have testified. Attorney George testified further about the video evidence in this case and that he was aware there were other people shown on the video, but that he did not recall Defendant ever requesting that those witnesses be investigated nor did counsel's notes reflect that such a request was made, and that counsel would not have independently sought to investigate these individuals as a matter of strategy.

The post-conviction court determined both that the attorneys' testimony was credible and that the attorneys' performance was not deficient. "[C]ounsel cannot be deemed deficient as alleged where the evidence supports that Defendant did not request that these witnesses be investigated and where counsel's decision not to independently seek investigation of these witnesses is a strategic one that this Court finds to be reasonable under the circumstances." (Doc. 5 at 35–36) The post-conviction court also determined that Colbert did not prove prejudice as required under *Strickland* (Doc. 5 at 36) (citations to hearing transcript omitted):

In addition to the evidence not supporting a finding of deficiency on counsel's part, this Court notes that Defendant has also failed to demonstrate prejudice as a result of counsel's alleged deficiency. At the hearing, Defendant had the burden of demonstrating a reasonable probability that the outcome of his trial would have been different had these witnesses been investigated and called to testify on Defendant's behalf. Demonstrating such requires evidence of admissible testimony these witnesses would have testified to had they been called to do so at trial. At the hearing, the only evidence before the Court concerning the availability of these witnesses to testify on Defendant's behalf and what they would have testified to is Defendant's own testimony that "I believe the witnesses would have testified that I wasn't the one that sold the cocaine to the confidential informant at the time of this alleged crime." These alleged witnesses — identified by Defendant only by first name and by the boarding house room numbers at the time of the

offense — did not testify at the hearing, and in fact an investigator who sought to investigate these witnesses for the evidentiary hearing testified at the hearing that he could not locate these witnesses with the information he was provided. Based on the evidence presented, Defendant has not satisfied his burden of demonstrating that a reasonable probability exists that the outcome of Defendant's trial would have been different had these alleged witnesses testified, and this Court's confidence in the outcome of Defendant's trial is not undermined. As Defendant has not sufficiently demonstrated that counsel was deficient or that Defendant was prejudiced as a result of that alleged deficiency, he warrants no relief on these allegations.

Because the state court correctly recognized that *Strickland* governs his claim of ineffective assistance of counsel, Colbert cannot meet the "contrary to" test in Section 2254(d)(1). (Colbert's Exhibit attached to Doc. 5 at 7) Colbert instead must show that the state court unreasonably applied *Strickland* or unreasonably determined the facts. In determining "reasonableness," a federal application for the writ of habeas corpus authorizes determining only "whether the state habeas court was objectively reasonable in its *Strickland* inquiry," not an independent assessment of whether counsel's actions were reasonable. *Putnam v. Head*, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002). The presumption of correctness and the highly deferential standard of review requires that the analysis of each claim begin with the state court's analysis.

The post-conviction court found that the attorneys' testimony was credible and ruled that the attorneys' not conducting an investigation into the three witnesses was a reasonable strategic decision. *Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually

unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. The required extent of counsel's investigation is discussed in *Hittson v. GDCP Warden*, 759 F.3d 1210, 1267 (11th Cir. 2014), *cert. denied sub nom., Hittson v. Chatman*, 135 S. Ct. 2126 (2015), as follows:

> [W]e have explained that "no absolute duty exists to investigate particular facts or a certain line of defense." *Chandler*, 218 F.3d at 1317. "[C]ounsel has a duty to make *reasonable* investigations or make a *reasonable* decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066 (emphasis added). "[C]ounsel need not always investigate before pursuing or not pursuing a line of defense. Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." *Chandler*, 218 F.3d at 1318. "In assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Wiggins*, 539 U.S. at 527, 123 S. Ct. at 2538.

Colbert cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful. *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992), explains:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or

something different.  So, omissions are inevitable . . . .  [T]he issue is not what is

possible or 'what is prudent or appropriate, but only what is constitutionally

compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

Based on this controlling precedent, Colbert fails to meet his burden to show

that the state post-conviction court's decision was either an unreasonable application

of controlling Supreme Court precedent or an unreasonable determination of fact.  As

recognized in *Burt v. Titlow*, 134 S. Ct. 10, 15–16 (2013), an applicant's burden under

Section 2254 is very difficult to meet:

> Recognizing the duty and ability of our state-court colleagues to
> adjudicate claims of constitutional wrong, AEDPA erects a
> formidable barrier to federal habeas relief for prisoners whose
> claims have been adjudicated in state court. AEDPA requires
> "a state prisoner [to] show that the state court's ruling on the
> claim being presented in federal court was so lacking in
> justification that there was an error . . . beyond any possibility
> for fairminded disagreement." *Harrington v. Richter*, 562 U.S.
> [86, 103] (2011). "If this standard is difficult to meet" — and it
> is — "that is because it was meant to be." *Id.*, at [102]. We will
> not lightly conclude that a State's criminal justice system has
> experienced the "extreme malfunctio[n]" for which federal
> habeas relief is the remedy. *Id.*, at [103] (internal quotation
> marks omitted).

Colbert's amended application for the writ of habeas corpus (Doc. 5) is

**DENIED**.  The clerk must enter a judgment against Colbert and close this case.

**DENIAL OF BOTH**
**A CERTIFICATE OF APPEALABILITY**
**AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Colbert is not entitled to a certificate of appealability  ("COA").  A prisoner

seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Colbert must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Colbert is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Colbert must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 3, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE